UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

DRUZON QUILLEN                      CIVIL ACTION NO. 23-1485

VERSUS                               JUDGE JERRY EDWARDS, JR.

KEVIN COBB                         MAG. JUDGE KAYLA D. MCCLUSKY

## MEMORANDUM RULING

Before the Court is a Second Motion to Dismiss for Failure to Prosecute filed by Kevin Cobb ("Defendant").[1] Defendant asserts that, despite this Court's orders, Druzon Quillen ("Plaintiff") failed to provide Rule 26 Disclosures, exchange witness and exhibit lists, answer Defendant's written discovery, and appear for at least two scheduling conferences.[2] Accordingly, Defendant asks the Court to dismiss Plaintiff's claims in this matter with prejudice pursuant to Federal Rule of Civil Procedure 41.[3] For the following reasons, Defendant's Motion (R. Doc. 21) is **GRANTED**.

## BACKGROUND

On October 20, 2023, Plaintiff, appearing *pro se*, filed his complaint against Defendant, Sheriff Kevin Cobb, alleging violations of his rights guaranteed under 42 U.S.C. §§1983 and 1988 and the United States Constitution.[4] Plaintiff subsequently sought and was granted leave to appear in *forma pauperis*.[5] Defendant was served a

---

[1] R. Doc. 21.
[2] R. Doc. 21 at 1.
[3] R. Doc. 21 at 1.
[4] R. Doc. 1.
[5] R. Doc. 2; R. Doc. 3.

copy of Plaintiff's Complaint on January 19, 2024.[6] Defendant filed its Answer to the Complaint on February 9, 2024.[7] On March 21, 2024 an order was entered, setting a scheduling conference for April 22, 2024, before Magistrate Judge Kayla McClusky ("Judge McClusky").[8] The order also provided that a Rule 26 conference was to take place between the parties before April 8, 2024, and the accompanying Rule 26(f) report was due by April 15, 2024.[9] Initial disclosures were to be exchanged by April 15, 2024.[10]

On April 15, 2024, Defendant filed the Rule 26(f) report, informing the court that no Rule 26 conference had taken place because although defense counsel had attempted to contact Plaintiff by telephone and mail, Plaintiff had not responded.[11] On April 22, 2024, a status and scheduling conference was held before Judge McClusky and attended by Plaintiff and counsel for Defendant.[12] At this conference Plaintiff informed the Court that he had not received the initial disclosures provided by Defendant.[13] Plaintiff provided updated contact information, including his mailing address, telephone number, and email address.[14] During the conference Defendant

---

[6] R. Doc. 6.
[7] R. Doc. 5.
[8] R. Doc. 7.
[9] R. Doc. 7.
[10] R. Doc. 7.
[11] R. Doc. 9.
[12] R. Doc. 11
[13] R. Doc. 11.
[14] R. Doc. 11.

emailed their initial disclosures to Plaintiff.[15] Plaintiff moved for an extension to provide initial disclosures, which was granted and made due on May 13, 2024.[16]

After the status and scheduling conference, a new scheduling order was entered, setting the deadlines for Plaintiff's witness list and expert info/reports on August 23, 2024, and the deadline for Defendant's expert info/reports on September 13, 2024.[17] The deadline for discovery was set also set for September 13, 2024, and the ability to compel discovery on that same date.[18]

**<u>The First Motion to Dismiss</u>**

On September 23, 2024, Defendant filed its first Motion to Dismiss for Failure to Prosecute, which remained unopposed.[19] The Court ordered that the Motion be set for an in-person hearing on November 20, 2024, for Plaintiff to show cause why this case should not be dismissed.[20] Plaintiff appeared at the hearing and confirmed his contact information with the Court. He assured the Court that he was still pursuing this action and would participate in litigation thereof.

The Court denied Defendant's first Motion to Dismiss without prejudice and instructed Plaintiff to provide initial disclosures and to respond to Defendant's discovery requests within 30 days.[21] The Court continued the trial, pretrial conference, and all related deadlines contained in the operative scheduling order and

---

[15] R. Doc. 11.
[16] R. Doc. 11.
[17] R. Doc. 12.
[18] R. Doc. 12.
[19] R. Doc. 14.
[20] R. Doc. 16.
[21] R. Doc. 17.

referred the matter to Judge McClusky for a scheduling conference to be held in January of 2025.[22] Subsequently, Judge McClusky ordered that a Rule 26 conference between the parties to take place before December 19, 2024, initial disclosures be exchanged by December 26, 2024, and set a telephonic scheduling conference for January 2, 2025.[23]

On December 18, 2024, the counsel for Defendant emailed Plaintiff attempting to schedule the Rule 26 conference but received no reply.[24] On December 20, 2024, after unsuccessfully attempting to reach Plaintiff by telephone, counsel for Defendant sent another email attempting to reschedule the Rule 26 conference.[25] The same day counsel for Defendant sent Plaintiff a letter, via FedEx priority overnight delivery, unilaterally scheduling the Rule 26 conference for December 23, 2024.[26]

On December 23, 2024, counsel for Defendant attempted to reach Plaintiff at his phone number of record multiple times, but received no response.[27] On December 26, 2024, Defendant filed a Rule 26(f) report with no input from Plaintiff.[28] Plaintiff contacted counsel for Defendant after the Rule 26(f) report was filed claiming that he was working on his initial disclosures and discovery responses.[29] On January 2, 2025, Plaintiff failed to appear for the telephonic scheduling conference.[30]

---

[22] R. Doc. 17.
[23] R. Doc. 18.
[24] R. Doc. 21-1 at 4; R. Doc. 21-2.
[25] R. Doc. 21-1 at 4; R. Doc. 21-3.
[26] R. Doc. 21-1 at 4; R. Doc. 21-4; R. Doc. 21-5.
[27] R. Doc. 21-1 at 4.
[28] R. Doc. 19; R.Doc. 21-1 at 4-5.
[29] R. Doc. 21-1 at 5.
[30] R. Doc. 20.

**Second Motion to Dismiss**

Thereafter, on January 9, 2025, Defendant filed its Second Motion to Dismiss for Failure to Prosecute.[31] The next day, Plaintiff filed a Motion for Scheduling Conference. In his Motion, Plaintiff explained that his failure to appear was caused by "the misunderstanding and problem on [his] part regarding the log in process to the conference call" and requested conference or status call as soon as possible.[32] Judge McClusky granted Plaintiff's request and set a scheduling conference for January 15, 2025, noting that the date and time were confirmed with both parties and there was no reason Plaintiff should not appear at the conference.[33] On January 15, 2025, Plaintiff failed to appear for the scheduling conference *he had requested*.[34] Defense counsel confirmed that he had still not received Plaintiff's initial disclosures and discovery responses.[35] Judge McClusky ordered Plaintiff to provide initial disclosures and discovery responses by January 24, 2025.[36] Judge McClusky noted that no further conferences would be set unless and until Plaintiff complied.[37]

In compliance with Judge McClusky's Order, Defendant confirmed that he had still not received initial disclosures and discovery responses as of January 27, 2025.[38] The same day, Plaintiff submitted a letter to the Court explaining that he was unable

---

[31] R. Doc. 21.
[32] R. Doc. 23; Plaintiff also attributed his delay in providing initial disclosures and answers to discovery to the need to secure essential medical records and pending medical treatment.
[33] R. Doc. 24.
[34] R. Doc. 25.
[35] R. Doc. 25.
[36] R. Doc. 25.
[37] R. Doc. 25.
[38] R. Doc. 26.

to attend the January 15th conference because he is currently incarcerated.[39] The Court will address Defendant's pending Motion to Dismiss for Failure to Prosecute.

## LAW & ANALYSIS

Under the Federal Rules of Civil Procedure, "[i]f a plaintiff fails to prosecute or to comply with … a court order, a defendant may move to dismiss the action or any claim against it."[40] The power to dismiss an action for failure to prosecute is an inherent and discretionary power of the court.[41] Typically, such a dismissal "operates as an adjudication on the merits."[42] However, a dismissal *with prejudice* is only appropriate when there is a "clear record of delay or contumacious conduct by the plaintiff ... and where lesser sanctions would not serve the best interests of justice."[43] In determining the propriety of a dismissal with prejudice for failure to prosecute, the Fifth Circuit considers whether any of the following aggravating factors exist: (1) the extent to which the plaintiff (as distinguished from his counsel) was personally responsible for the delay, (2) the degree of actual prejudice to the defendant, and (3) whether the delay was the result of intentional conduct.[44] Dismissals with prejudice are reserved for "the most egregious of cases, usually cases where the requisite factors

---

[39] R. Doc. 27.
[40] FED. R. CIV. P. 41(b).
[41] *See Ford v. Sharp*, 758 F.2d 1018, 1021 (5th Cir.1985) (citing *Rogers v. Kroger*, 669 F.2d 317, 319–20 (5th Cir.1982)).
[42] FED. R. CIV. P. 41(b).
[43] *Ford*, 758 F.2d at 1021; *see also*, Bryson v. State Farm Fire & Cas. Ins. Co., Civ. A. No. 09–554, 2011 WL 1557949 at *2 (E.D. La. Mar. 18, 2011).
[44] *Ford*, 758 F.2d at 1021.

of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors."[45]

The Court is persuaded that Plaintiff's failure to prosecute this matter warrants dismissal. Despite the Court's repeated Orders, Plaintiff has failed to a) provide initial disclosures and discovery responses; b) schedule or attend a Rule 26 conference; and c) did not appear at Court scheduled conferences. Notwithstanding Defendant's many efforts to engage in litigation, Plaintiff has remained unresponsive and unavailable. However, as Defendant admits, there is no evidence that the delay resulted from any intended dilatoriness.[46] Accordingly, the Court dismisses Plaintiff's claims without prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's Second Motion to Dismiss (R. Doc. 21) is **GRANTED**. A judgment consistent with this ruling will issue separately.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[45] *Woods v. Sodexo, Inc.*, 2013 WL 5839343 at *1 (E.D. La. 2013) (citations omitted).
[46] R. Doc. 21-1 at 7.